UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

RUBY HANDLER JACOBS,                              Case No. 18-12634-t13

       Debtor.

## OPINION

Before the Court is Debtor's request to reinstate this dismissed chapter 13 case. As the motion was filed more than 30 days after the dismissal order was entered, the Court treats the motion as one under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is not well taken under that rule, and will be denied.

### I.    FACTS.[1]

Debtor filed this pro se chapter 13 case on October 24, 2018. It is Debtor's fifth bankruptcy case. Her first was filed in California Central, no. 98-27664, a chapter 7 case. She received a discharge on April 16, 1999. The other cases were filed in New Mexico. Her second case, filed in 2011, also was a chapter 7, no. 11-14707. She received a discharge on February 6, 2012. Her third case, filed in 2012, was a chapter 13 case. It was dismissed on June 7, 2012. Her fourth case, another chapter 13 case, was dismissed on September 18, 2018. This case was filed about five weeks after the fourth case was dismissed.

Debtor filed her bankruptcy schedules late, on November 20, 2018. The schedules are grossly inadequate. Debtor lists no personal property of any kind. She only disclosed one asset,

---

[1] The facts are taken from the docket in this case or from Debtor's allegations and statements. The Court took judicial notice of the docket *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

her house, and one "alleged" creditor, the mortgagee. Debtor alleged that the mortgagee's claim is fraudulent. Debtor's schedules disclose no income or expenses. Her statement of financial affairs shows no income for the two years before the bankruptcy was filed.

Debtor never filed a chapter 13 plan and never made a plan payment. The chapter 13 trustee filed a motion to dismiss the case on November 21, 2018. The Court held a hearing on the motion on January 8, 2009. The Debtor did not appear. The Court dismissed the case on January 14, 2019 (the "Dismissal Order").

Debtor filed the instant motion to reinstate on February 15, 2019. In the motion, the Debtor asked for immediate reinstatement, but then asked for a five month "continuance" until she is released from prison. Apparently, during the "continuance" period the Debtor would not file a plan or make any plan payments.

The trustee timely objected to the reinstatement motion. In response to the trustee's objection, on March 21, 2019, the Debtor filed another document, in which she alleged "The home is at risk of sheriff's sale on March 28, 2019." Attached to this document is a 52-page report by a handwriting expert, opining that the Debtor's signatures on the note and mortgage are forgeries. Based on the alleged forgery, the Debtor seeks relief from the state court foreclosure judgment.

The Debtor alleged on March 21, 2019, contrary to her bankruptcy schedules and statement of financial affairs, that she "is provided social security income and her husband is provided Veteran's disability income and social security. . . ."

The Court held a hearing on the reinstatement motion on March 22, 2019. The Debtor did not appear.[2]

---

[2] In a document March 25, 2019, the Debtor argued at some length why she did not appear at the hearing. The Court does not reach the decision outlined in this opinion because of her failure to appear. The decision would have been the same regardless, for the reasons set forth herein.

## II.　　DISCUSSION

A.　　Motions to Reconsider.

By her motion to reinstate, Debtor asks the Court to reinstate the bankruptcy case, along with the automatic stay. There is no the Federal Rule of Civil Procedure ("Rule") nor the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") governing a "motion to reinstate" a case. In *In re Murphy*, the court reasoned:

> [T]here is no basis in the Code for reinstatement of a case …. [but courts] sometimes attempt to justify this practice by analogizing a reinstatement request to a motion for relief from judgment under Fed.R.Civ.P. 60(b). See *Diviney v. Nations Bank of Tex. (In re Diviney)*, 211 B.R. 951, 962 (Bankr. N.D. Okla. 1997), aff'd, 225 B.R. 762 (10th Cir. BAP 1998); *Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61, 70 (6th Cir. BAP 2004). Since the granting of a Rule 60(b) motion vacates the prior order, these courts reason that reinstatement returns the parties to the status quo that existed prior to dismissal, including a re-imposition of the automatic stay. See *Murrell v. Vega*, 2000 WL 425012, *2 (9th Cir. April 19, 2000); *In re Searcy*, 313 B.R. 439, 443 (Bankr.W.D.Ark.2004).

493 B.R. 576, 579 (Bankr. D. Colo. 2013). A motion to reinstate the case is closely related to a motion for "reconsideration" which is likewise not recognized in either the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy. *In re Sandia Resorts, Inc.*, 2016 WL 3150998, at *4 (Bankr. D.N.M.)*; Hatfield v. Board of Cnty. Comm'rs for Converse Cnty.,* 52 F.3d 858, 861 (10th Cir. 1995) ("The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'") (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)). Courts have held that the proper method for dealing with improper motions to "reinstate the case" and "reconsideration" is to treat the motion as a motion to vacate the Dismissal Order. *In re Sylvester*, 2018 WL 6653016, at *1 (Bankr. W.D. La.) ("The Court treats Debtor's Motion to Reinstate as a Motion to Vacate the dismissal Order. The [sic] is no such motion as a Motion to Reinstate a dismissed bankruptcy case."). The Court will do likewise here.

The timing of a motion to vacate will determine whether it will be considered under Rule

59 or Rule 60. *In re Sandia Resorts, Inc.*, 2016 WL 3150998, at *4. *See also Hatfield,* 52 F.3d at 861:

> if the motion is filed within ten [now 14] days of the ... entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)" but "if the motion is filed more than ten [now 14] days after the entry of judgment, it is considered as a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).

(citations omitted).

Here, Debtor filed the motion 32 days after entry of the Dismissal Order. Therefore, the Court will consider the motion under Rule 60, i.e., a motion seeking relief from a final judgment or order.

B        <u>Grounds for Relief from a Final Order</u>.

Bankruptcy Rules 9023 and 9024 incorporate Rules 59 and 60 into bankruptcy cases. Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

C.       <u>The Dismissal Order was a Final Order</u>.

Under Rule 60(b), "the court may relieve a party … from a final … order…". Dismissal of a bankruptcy case is a final order. *See In re Watson,* 403 F.3d 1 (1st Cir. 2005) (order denying confirmation of Chapter 13 plan and dismissing case is final); *see also* Wright & Miller, 15A Fed.

Prac. & Proc. Juris. § 3914.6 (2d ed.) ("Orders granting dismissal of all claims among all parties ordinarily are final.") Thus, the Dismissal Order is a final order and relief under Rule 60(b) is potentially available.

D.  The Debtor's Likely Arguments under Rule 60(b).

Because the Debtor did not say which subpart of Rule 60(b) she relies upon, the Court must try to determine which subparts could apply. The Court's best guess is that Debtor seeks relief under Rule 60(b)(1) (mistake; excusable neglect); 60(b)(2) (newly discovered evidence); and/or 60(b)(6) (any other reason that justifies relief.). The other subparts do not seem like they could even arguably apply.

  1. Rule 60(b)(1). Under Rule 60(b)(1), a court "may relieve a party … from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Debtor likely contends that the Dismissal Order constitutes "mistake" or "excusable neglect" under the rule because she initially filled out the wrong paperwork, failed to file all the necessary forms for a proper chapter 13 case, and her "legal paperwork" was not transferred with her when she was transferred to the Carswell Federal Medical Center.

*Jennings v. Rivers* 394 F.3d 850 (10th Cir. 2005), discusses excusable neglect under Rule 60(b):

> [F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence.". More generally, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.*' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. [citations omitted].
>
> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395, 113 S. Ct. 1489 (discussing application of the excusable neglect standard of Fed. R. Bankr. P. R. 9006(b)(1)). Relevant factors

> include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. "'[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'" *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). An additional consideration is whether the moving party's underlying claim is meritorious. *See Cessna Fin. Corp.*, 715 F.2d at 1444–45 (discussing, in the context of a motion to set aside a default judgment, the need to avoid frivolous litigation).
>
> A court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake. *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). "[A] mistake ... could occur in any [attorney's] office, no matter how well run." *Id*. *See also D.G. Shelter Prods. Co. v. Forest Prods. Co.*, 769 F.2d 644, 645 (10th Cir. 1985) (observing, in a case dismissed for failure to respond to a motion, that plaintiff's counsel had not committed "an inadvertent slip-up resulting from a date not being entered or being erroneously noted"); *Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981) (stating that "[m]embers of the bar are not invariably punctual, and we are unaware of any general judicial practice of throwing their clients out of court the first time attorneys arrive somewhat late").

394 F.3d at 856-57.

The Court finds that the Debtor has not made a case for excusable neglect. Despite the difficulties posed by her incarceration, Debtor could have done a much better job with her bankruptcy schedules and statement of financial affairs, could have filed a plan and the other missing paperwork, and could have made plan payments if (contrary to her schedules) she actually has regular monthly income. There is no good reason why this case was so poorly done. Far from showing excusable neglect, Debtor has demonstrated inexcusable neglect from the petition date forward.

Second, the equities are against the Debtor. She asks for the case to be reinstated, along with the automatic stay, until her release from federal custody in July 2019 (at the earliest). This would be a significant delay, apparently with no plan or plan payments. Reinstating the case would

burden the chapter 13 trustee, who would bear the cost of administering an estate with no assets and little prospect of success.

Further, there is no reason to believe Debtor could cure the mortgage arrearage and "save the house" through a chapter 13 plan. Rather, it appears that the Debtor wishes to relitigate in this Court whether the mortgage lender is entitled to foreclose, or even has a claim at all. As discussed more fully below, that would be an improper collateral attack on the state court judgment.

Relief under 60(b)(1) is not warranted.

2. Rule 60(b)(2). Debtor argues that she has new information, which she attached to March 21, 2019 filing, namely, an expert report opining that Debtor's signatures on the subject note and mortgage were forged.

Rule 60(b)(2) provides that "the court may relieve a party ... from a final judgment ... for ... newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *See QEP Energy Co. v. Sullivan*, 526 F. App'x 828, 829 (10th Cir. 2013). Rule 60(b)(2) does not apply in this instance. Presumably, the report was prepared to combat the state court foreclosure action against the Debtor.[3] However, Debtor cannot attack the state court judgment in this Court. The *Rooker–Feldman* doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir.2002). Because Debtor must appeal the state court

---
[3] Debtor's filings indicate that one reason she wishes to reinstate the case is prevent a foreclosure sale on her house, which she alleges is set for March 28, 2019.

foreclosure judgment through the state court system,[4] she is barred from doing so here.

Moreover, the handwriting expert report is dated October 24, 2018, the same day the voluntary petition was filed in this case. Thus, even assuming the Court could hear her challenge to the note and mortgage at issue, which it cannot, the report should have been provided to the Court before now. It is not newly discovered evidence, so Rule 60(b)(2) does not apply.

3. Rule 60(b)(6). Finally, Rule 60(b)(6) allows a court to grant relief from a final judgment or order for "any other reason that justifies relief." This subpart has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (internal quotation marks omitted), *cert. denied,* 423 U.S. 1079 (1976).

Relief under Rule 60(b)(6) cannot be given for one of the grounds enumerated in Rules 60(b)(1)-(5). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Similarly, if relief could have been obtained under Rule 60(b)(1)-(5) had the motion been filed within a year, it will not be available under Rule 60(b)(6) if filed after more than a year. *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1088–89 (9th Cir. 2001); *Brandon v. Chicago Bd. of Education,* 143 F.3d 293, 295–96 (7th Cir. 1998).

> Examples where courts apply rule 60(b)(6) include "settlement agreements when one party fails to comply" and courts use the rule "to return the parties to the status quo," or in cases where fraud is used by a "party's own counsel, by a codefendant, or by a third-party witness," which does not fit within rule 60(b)(3)'s provision for fraud by an adverse party. Wright & Miller, *supra*, § 2864, at 485, 487. The most common application is to grant relief "when the losing party fails to receive notice of the entry of judgment in time to file an appeal." Wright & Miller, *supra*, § 2864, at 488.

*Dogs Deserve Better, Inc. v. New Mexico Dogs Deserve Better, Inc.*, 2016 WL 6396392, at *20–21 (D.N.M. 2016).

---

[4] According to Debtor's statement of financial affairs, she may have appealed the state court judgment.

In general, a trial court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996), citing *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729 (10th Cir. 1993). Relief under Rule 60(b)(6) is appropriate only when "circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief. *Cashner v. Freedom Stores*, 98 F.3d at 580; *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) ("A court will only award Rule 60(b)(6) relief in extraordinary cases.").

Here, the circumstances do not justify relief under Rule 60(b)(6). If anything, the equities are against Debtor, who apparently seeks the benefits of a chapter 13 case without qualifying as a chapter 13 debtor or complying with the rules. To the extent Debtor sought relief under Rule 60(b)(6) by her motion to reinstate, the request must be denied.

E.   The Automatic Stay Terminated in November 2018 and Cannot be Reinstated.

The Debtor makes clear that the sole purpose of the dismissed chapter 13 case, and of the motion to reinstate, is to prevent the sale of her house. The Debtor fails to appreciate that, given that her fourth bankruptcy case was dismissed five weeks before this case was filed, the automatic stay terminated by operation of law on November 24, 2018. *See* 11 U.S.C. § 362(c)(3)(A). Thus, even if the Court reinstated this case, the sale of the house would proceed as scheduled, unimpeded by the automatic stay. Reinstatement would be futile.

### III.   CONCLUSION.

The automatic stay terminated in this case in November 2018 and cannot be reinstated. Debtor has not provided any grounds for relief under Rule 60(b). Debtor's motion to reinstate her case therefore lacks merit and will be denied by a separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: March 27, 2019

Copies to: counsel of record

Ruby Handler Jacobs
FMC Carswell
P.O. Box 27137
Fort Worth, Texas 76127